# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| MICHAEL CASSEY, | ) |
| | ) |
| | ) CIVIL ACTION NO. 3:08-2137-HFF-JRM |
| Petitioner, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| HENRY MCMASTER, STATE OF | ) |
| SOUTH CAROLINA, ROBERT | ) |
| M. STEVENSON, III, Warden of | ) |
| Broad River Correctional | ) |
| Institution, | ) |
| | ) |
| Respondents. | ) |

Petitioner, Michael Cassey ("Cassey"), is an inmate with the South Carolina Department of Corrections serving a sentence of twenty-five (25) years imprisonment for four counts of armed robbery, assault and battery with intent to kill, assault with intent to kill, and failure to stop for a blue light. On June 10, 2008, Cassey filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was automatically referred to the undersigned pursuant to Local Rule 73.02(B)(2)(c) and (e) (D.S.C). Respondent filed a motion for summary judgment on October 24, 2008. An order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was entered on October 27, 2008. Cassey filed his response to the motion for summary judgment on December 4, 2008.

## Background and Procedural History

On March 14, 2001, Cassey went on a crime spree in Dorchester County. He was arrested

1

the next day. Cassey entered negotiated pleas of guilty for concurrent sentences on November 27, 2001. He was represented by Merva A. Hardee-Thomas, Esquire. No direct appeal was filed.

Cassey filed an application for post-conviction relief ("PCR") on October 10, 2002. (App. 51). An evidentiary hearing was held on August 4, 2004. Cassey was represented by G.Warring Parker, Esquire. (App. 69). The PCR court filed an order of dismissal with prejudice on October 25, 2004. (App. 119). A Johnson[1] petition for writ of certiorari was filed on Cassey's behalf by the South Carolina Office of Appellate Defense raising the following issue:

> Whether petitioner's guilty plea complied with the mandates set forth in Boykin v. Alabama?

(Res.Mem., Ex. 2).

The State filed an informal return. (Res.Mem., Ex. 4). Cassey was advised of his right to file a *pro se* brief, but he did not do so. (Res.Mem., Ex. 3). The petition for writ of certiorari was denied on March 21, 2007 by the South Carolina Court of Appeals. (Res.Mem., Ex. 5). Cassey did not seek further review, and the Remittitur was returned on April 10, 2007.

## Grounds for Relief

**Ground One:**        Ineffective Assistance of Counsel Sixth Amendment

**Supporting Facts:**  Failure to investigate case and the witnesses

**Ground Two:**        Ineffective Assistance of Counsel Sixth Amendment

**Supporting Facts:**  Ineffective Assistance when defense counsel failure to investigate before allowing the Petitioner to plea guilty.

---

[1] Johnson v. State, 364 S.E.2d 201 (S.C. 1988); see also Anders v. California, 386 U.S. 738 (1967).

2

**Discussion**

Cassey's conviction became final on December 7, 2001, ten (10) days after his guilty pleas. Three hundred seven (307) days of untolled time lapsed before Cassey filed his PCR on October 10, 2002. The statute of limitations was tolled until April 10, 2007 when the Remittitur was returned by the South Carolina Court of Appeals. The envelope in which Cassey mailed his petition shows that it was received by the institutional mailroom on June 3, 2008. Using that date as the date of filing, the petition was filed approximately fourteen months after the statute of limitations began to run after completion of the PCR process. The petition is clearly untimely. Cassey does not address the statute of limitations argument, nor does he argue that he is entitled to equitable tolling in his Roseboro response. Therefore, the undersigned concludes that the petition should be dismissed as it is time barred.

Even if Cassey's claims were considered on their merits, he would still not be entitled to relief. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass,

3

753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. See Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

Ineffective assistance of counsel claims may be asserted in limited circumstances where the petitioner has entered a plea of guilty. A guilty plea generally precludes the petitioner from challenging defects in the process which occurred prior to the plea. He "may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from

4

counsel was not within the standards set forth in McMann." Tollett v. Henderson, 411 U.S. 258, 267 (1973). When such a claim is raised, the voluntariness issue is subsumed within the claim of effectiveness of the attorney's assistance. Hill v. Lockhart, 474 U.S. 52, 56 (1985).

In order to prevail on a claim of ineffective assistance of counsel pertaining to a guilty plea, a petitioner must show that his lawyer's performance was incompetent, i.e., the first prong of the Strickland test. Under this prong, counsel "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. The prejudice prong of the Strickland test is modified and the petitioner must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

Cassey argues that his trial attorney failed to investigate his case including interviewing witnesses. The PCR court found Cassey's testimony to be not credible and the testimony of his attorney to be credible. The PCR court found that no witnesses were available to testify as alibi witnesses or to provide mitigation. Cassey did not call any potential witnesses to testify at the PCR hearing. The PCR court further found that counsel provided discovery evidence to Cassey and did not threaten or coerce Cassey into pleading guilty. Last, the PCR court found that Cassey's claims were belied by his statements at the change of plea hearing. The PCR court specifically applied Strickland and Hill to Cassey's claims.

Since Cassey filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525

U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). See Williams v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Id. at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521.

The undersigned concludes that the PCR court's application of Strickland and Hill was objectively reasonable.

## Conclusion

Based on a review of the record, it is recommended that Respondents' motion for summary judgment be **granted** and the petition **dismissed** without prejudice so Petitioner can proceed in state court.

_____
Joseph R. McCrorey
United States Magistrate Judge

March 4, 2009
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).